UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| STUART S TJON-A-JOE,<br>    *Plaintiff*,<br><br>v.<br><br>ALLSTATE VEHICLE AND PROPERTY<br>INSURANCE COMPANY,<br>    *Defendant.* | §<br>§<br>§<br>§     Civil Action No. SA-25-CV-00524-XR<br>§<br>§<br>§<br>§ |

## ORDER ON MOTION TO DISMISS

On this date, the Court considered Defendant's motion to dismiss Plaintiff's misrepresentation claims in this insurance dispute (ECF No. 8), Plaintiff's response (ECF No. 13), Defendant's reply (ECF No. 9), and the parties' arguments at the hearing in this matter on August 21, 2025. After careful consideration, the Court issues the following order.

### BACKGROUND

Plaintiff Stuart Tjon-A-Joe filed this lawsuit in state court against Defendant Allstate Vehicle and Property Insurance Company ("Allstate") arising out of its failure to pay an insurance claim for damage to Plaintiff's home located at 15706 Knollcircle in San Antonio, Texas (the "Property"), allegedly cause by a wind-and-hail event in 2023. ECF No. 1-1. Plaintiff claims that Allstate failed to conduct a proper investigation, undervalued the damage, and performed an outcome-oriented investigation resulting in a biased evaluation of Plaintiff's losses.

Allstate timely removed the case to federal court based on diversity jurisdiction. ECF No. 1. Defendant moved to dismiss the extra-contractual claims in Plaintiff's original complaint in May 2025 (ECF No. 2). Plaintiff timely filed an amended complaint (ECF No. 5), mooting the motion to dismiss. Defendant then filed a second motion to dismiss (ECF No. 8), which the Court now considers.

Based on Allstate's alleged cursory inspection of the insured property, delay or denial of policy benefits, explanation of the denial, and misrepresentations regarding Plaintiff's homeowner's insurance policy, Plaintiff brings both contractual and extra-contractual causes of action. Specifically, Plaintiff asserts claims for breach of contract, violations of Section 541 of the Texas Insurance Code ("TIC") and the Texas Deceptive Trade Practices Act ("DTPA"), and breach of duty of good faith and fair dealing. *See* ECF No. 5.

Allstate now moves to dismiss Plaintiff's claims for misrepresentation under TIC § 541.060(a)(1) and a der the DTPA, arguing that Plaintiff has failed to satisfy the heightened pleading requirements under Rule 9. *See* ECF No. 8.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)).

"Claims alleging fraud and fraudulent inducement are subject to the requirements of Rule 9(b) of the Federal Rules of Civil Procedure." *Schnurr v. Preston*, No. 5:17–CV–512–DAE, 2018

WL 8584292, at *3 (W.D. Tex., May 29, 2018). Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. VMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). "Directly put, the who, what, when, and where must be laid out." *Id.* at 178. "Facts and circumstances constituting charged fraud must be specifically demonstrated and cannot be presumed from vague allegations." *Howard v. Sun Oil Co.*, 404 F.2d 596, 601 (5th Cir. 1968). "Anything less fails to provide defendants with adequate notice of the nature and grounds of the claim." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). "Although the language of Rule 9(b) confines its requirements to claims of . . . fraud, the requirements of the rule apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

II.  Analysis

    A.  **Violations of TIC § 541.060(a)(1) – Unfair Settlement Practices**

Alleged violations of TIC § 541.060(a)(1), which prohibits "misrepresenting . . . a material fact or policy provision relating to coverage at issue," are subject to Rule 9(b), whereas Plaintiff's other claims under § 541.060(a) are not. *Woodstone Condo. Owners Ass'n, Inc. v. Philadelphia Indem. Ins. Co.*, No. 5:24-CV-0364-JKP-ESC, 2024 WL 4612940, at *2 (W.D. Tex. Oct. 28, 2024).

In describing Allstate's alleged misrepresentation, Plaintiff cites two denial letters—the first in September 2023, denying coverage because there was no storm-related, sudden, or accidental damage to the Property, and the second in February 2024, again denying coverage based on exclusions for "wear, tear, and deterioration." *See* ECF No. 13 at 5, 7. Allstate insists that, at most, Plaintiff's allegations evince a disagreement over coverage, which does not constitute a misrepresentation and thus cannot support a cause of action under TIC § 541.060(a)(1). *Taboada v. State Farm Lloyds*, No. 2:18-CV-453, 2020 WL 264688, at *2 (S.D. Tex. Jan. 17, 2020).

Plaintiff has properly alleged who wrote the letters and when. While the first letter denied coverage based on a finding that there was "no damage", the petition includes a photograph of the roof evincing hail damage. *See* ECF No. 5 ¶ 22. Accordingly, Plaintiff has plausibly alleged that Allstate misrepresented the basis for denial as "no damage" when, at best, coverage might have been denied based on a conclusion that the existing damage was cosmetic.

Allstate asserts that Plaintiff has failed to properly allege that he relied on this representation to his detriment. *See* ECF No. 14 at 4–5 (citing *Taboada*, 2020 WL 264688, at *2 ("Under Texas law, if the insured does not rely to his detriment on the misrepresentation when making a decision, there is no actionable claim.") (construing TIC § 541.060(a)(1)).

As Plaintiff points out, however, the cases on which *Taboada* relied to reach that conclusion were interpreting a predecessor statute—Section 16 of Article 21.21 of the Insurance Code. *See Taboada*, 2020 WL 264688, at *2 (citing *Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 200 (Tex. 1998) and *Royal Globe Ins. Co. v. Bar Consultants, Inc.*, 577 S.W.2d 688, 695 (Tex. 1979)). Section 16(a) created a cause of action for deceptive practices enumerated in DTPA §°17.46(b), which itself contains a reliance requirement. *See* TIC art. 21.21 § 16(a) (repealed by Acts 2003, 78th Leg., ch. 1274, § 26(a)(1), eff. Apr. 1, 2005) ("a person must show that the person has relied on the act or practice to the person's detriment").[1]

The text of Section 541.061 of the Texas Insurance Code does not explicitly require reliance to state a claim, and the Court sees no reason to impose one now. *See* TIC § 541.061; *cf. Ramirez v. GEICO*, 548 S.W.3d 761 (Tex. App.—El Paso 2018) (noting that a plaintiff claiming misrepresentation under the Insurance Code must point to an express misrepresentation or omission but did not require reliance as an independent element).

### B. Violation of DTPA § 17.50(a)(1)

Plaintiff asserts that Allstate violated DTPA § 17.50(a)(1) by using or employing "false, misleading, or deceptive acts or practices." ECF No. 5 ¶¶ 87–97. The statute enumerates various, nonexclusive, conduct that can constitute false, misleading, or deceptive practices—the so-called "laundry list violations" contained in § 17.46(b). *See* TEX. BUS. & COMM. CODE § 17.50(a)(1).

Section 17.50(a)(1) of the DTPA explicitly requires a plaintiff to show that he relied on the deceptive practice to his detriment. This reliance requirement has been consistently affirmed in case law. *See, e.g., Brown & Brown of Texas, Inc. v. Omni Metals, Inc.*, 317 S.W.3d 361 (Tex. App.—Houston [1st Dist.] 2010); *McLeod v. Gyr*, 439 S.W.3d 639 (Tex. App.—Dallas 2014).

---

[1] Section 541.151 of the Insurance Code now provides a private cause of action for damages caused by deceptive acts or practices enumerated in DTPA § 17.46(b), and does require reliance to the consumer's detriment.

Plaintiff fails to allege reliance with the requisite specificity required under Rule 9(b). Instead, he vaguely asserts that "Defendant took advantage of Stuart's lack of knowledge, ability, experience, and capacity to a grossly unfair degree," "relied on Stuart's lack of knowledge that he must be provided a reasonable explanation for any denial of coverage," and "attempted to take advantage of Stuart's lack of knowledge regarding covered storm damage." ECF No. 5 ¶¶ 90, 91, 93. These allegations are insufficient to put Allstate on notice about how Plaintiff relied on its allegedly deceptive conduct.

Accordingly, Plaintiff has failed to state a claim under the DTPA.

### C. Leave to File an Amended Complaint

Rule 15(a) applies where a plaintiff has "expressly requested" leave to amend even though its request "was not contained in a properly captioned motion paper." *United States v. Humana Health Plan*, 336 F.3d 375, 387 (5th Cir. 2003). A formal motion is not always required, so long as the requesting party has set forth with particularity the grounds for the amendment and the relief sought. *Id.* (citing FED. R. CIV. P. 7(b) and *Edwards v. Occidental Chemical Corp.*, 892 F.2d 1442, 1445–46 (9th Cir. 1990)). However, "a bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought, *cf.* FED. R. CIV. P. 7(b)—does not constitute a motion within the contemplation of Rule 15(a)." *Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993); *see Douglas v. DePhillips*, 740 F. App'x 403, 406 (5th Cir. 2018) ("At the end of their opposition to the motion to dismiss, Appellants stated that they 'should be given an opportunity to amend . . . to further state any claims considered deficient' and 'to plead further' Richard's claims. These statements are insufficient to constitute a request for leave to amend under Rule 15(a).").

In his response, Plaintiff seeks to amend his complaint to cure any deficiencies in his allegations and to add a claim for violation of Section 17.50(a)(4) of the DTPA, which was omitted in the FAC due to a typographical error. *See* ECF No. 13 at 10. Plaintiff has already amended his complaint once in an attempt to cure the deficiencies in his original complaint identified in Allstate's original motion to dismiss. *See* ECF Nos. 2, 5. His bare request for leave to further amend his complaint in response to Allstate's second motion—without any indication of the particular grounds on which the amendment is sought—is insufficient to constitute a motion under Rule 15(a). Moreover, Plaintiff's claim under Section 17.50(a)(1) of the DTPA was dismissed for failing to properly plead reliance; given that Plaintiff has the best information about whether and how he relied on Allstate's allegedly deceptive behavior, discovery is unlikely to yield evidence that would allow him to cure his pleadings.

The Court will, however, grant Plaintiff leave to add a claim for violation of DTPA § 17.50(a)(4), which provides that "the use or employment by any person of an act or practice in violation of Chapter 541, Insurance Code" is a violation of the DTPA itself. *See* TEX. BUS. & COMM. CODE § 17.50(a)(4). To state a valid claim under § 17.50(a)(4), Plaintiff must show that Allstate's violation of Chapter 541 of the Insurance Code was the producing cause of his damages. *Tsao v. Ferring Pharms., Inc.*, No. 4:16-CV-01724, 2017 WL 746451, at *8 (S.D. Tex. Jan. 4, 2017), *report and recommendation adopted*, 2017 WL 749009 (S.D. Tex. Feb. 24, 2017) (citations omitted). For an act to be a producing cause, it must be a substantial factor in bringing about the injury, which would not otherwise have occurred. *Id.* (citing *Alexander v. Turtur & Associates, Inc.*, 146 S.W.3d 113, 117 (Tex. 2004)).

Because Section 17.50(a)(4) of the DTPA incorporates Chapter 541 of the Texas Insurance Code by reference, however, the Court does not read subsection (a)(4) to require reliance. Thus,

7

permitting Plaintiff to amend his complaint to add a claim under DTPA § 17.50(a)(4) would not be futile under Rule 15(a)(2) of the Federal Rules of Civil Procedure. *N. Cypress Med. Center Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (ECF No. 8) is **GRANTED IN PART** and **DENIED IN PART.** Plaintiff's claims for violation of the DTPA § 17.50(a)(1) is **DISMISSED**. All other claims remain pending.

Plaintiff is **DIRECTED** to file his amended complaint adding a claim for violation of DPTA § 17.50(a)(4), if any, **by no later than October 24, 2025**.

It is so **ORDERED**.

**SIGNED** this 14th day of October, 2025.

                                                XAVIER RODRIGUEZ
                                                UNITED STATES DISTRICT JUDGE